UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALCHEMY-SPETEC LLC,

    Plaintiff,

v.                                                    Case No. 2:19-cv-670-FtM-60NPM

THE PUMP AND SPRAY COMPANY
CORPORATION, and
RYAN WENZEL,

    Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Clerk's Entry of Default Judgment (Doc. 14). No response was filed to the motion and the response time has lapsed. The Court finds an evidentiary hearing is not required in this case.[1] For the reasons stated below, the Court recommends the motion be granted in part and denied in part.

**I.    Background**

On September 11, 2019, Plaintiff Alchemy-Spetec, LLC ("Alchemy") filed a Complaint against the Pump and Spray Company Corporation ("Pump and Spray") for breach of contract and against Ryan Wenzel for breach of guarantee. (Doc. 1). Defendants were served on September 16, 2019, but failed to plead or otherwise defend this action. (Docs. 6, 7). As a result, Alchemy moved for and obtained a clerk's default

---

[1] Rule 55(b) provides a court may hold a hearing, if necessary, to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate other matters. Fed. R. Civ. P. 55(b)((2)(A)-(D). Based on the permissive language in Rule 55(b), it does not mandate an evidentiary hearing in all circumstances and leaves the decision whether to hold an evidentiary hearing to the court's discretion. *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

against both Defendants. (*See* Docs. 12, 13, 15). Alchemy now moves for the entry of a default judgment against both Defendants.

## II.     Allegations

Alchemy manufactures polymers and other materials for the construction industry. (*Id.* at 3, ¶ 8). In 2019, Alchemy provided such materials to Pump and Spray. (*Id.* at 3, ¶ 9). Alchemy invoiced Pump and Spray, but Pump and Spray failed to pay the balance due. (*Id.* at 3, ¶ 10). Alchemy claims the total balance due, with finance charges as of October 9, 2019, was $71,489.46, and it seeks to recover its fees and costs. (Doc. 14-1 at 3, 4). Alchemy also asserts Wenzel personally guaranteed Pump and Spray's indebtedness. (Doc. 1 at 4, ¶ 13; Doc. 14-1 at 6-7). As a result, Alchemy claims Wenzel is liable for all sums sought from Pump and Spray. (Doc. 1 at 5).

## III.    Analysis

"When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). Because of our 'strong policy of determining cases on their merits,' however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015). Entry of a default judgment is warranted only when there is a sufficient basis in the pleadings for judgment to be entered. *Id.* at 1245.

A sufficient basis is akin to facts sufficient to survive a motion to dismiss for failure to state a claim. *Id.* So, when evaluating the sufficiency of the alleged facts, the Court looks to whether the complaint contains sufficient factual matter that when accepted as true, states a claim for relief that is plausible on its face. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

A defaulted defendant is deemed to admit all well-pleaded allegations of fact but is not held to admit facts that are not well-pleaded or to admit conclusions of law. *U.S. Bank, N.A. as trustee for LSF8 Master Participation Tr. v. Tobin*, 754 F. App'x 843, 845 (11th Cir. 2018) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).

It appears beyond dispute that Florida law applies to Alchemy's claims. Accordingly, to plead a breach of contract claim, Alchemy must allege plausible facts to show: (1) a valid contract; (2) a material breach, and (3) damages. *Greaney v. Lake Austin Properties I, Ltd.*, No. 6:11-CV-1984-ORL-22KRS, 2012 WL 13103149, *2 (M.D. Fla. Aug. 6, 2012) (citing *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008)). And "the elements of an action for breach of a guarantee arise from a debtor's default and the guarantor's subsequent failure to pay." *Rossi v. Pocono Point, LLC*, No. 6:08-CV-750-ORL-28KRS, 2009 WL 435064, *4 (M.D. Fla. Feb. 20, 2009).

Here, the claims are based on the terms and conditions of a written and signed agreement and the outstanding invoices attached to the Complaint. (Doc. 1, Exhs. A, C). And it is the plain language in the agreement and invoices that controls, not the allegations in the Complaint. *See Ship Const. & Funding Servs. (USA), Inc. v. Star Cruises PLC*, 174 F. Supp. 2d 1320, 1326 (S.D. Fla. 2001) (quoting *Franz Tractor Co. v. J.I. Case Co.*, 566 So. 2d 524, 526 (Fla. Dist. Ct. App. 1990) ("[I]f an attached document negates a pleader's cause of action, the plain language of the document will control....")). The Court finds the plain language of the agreement does not support all of Alchemy's claims.

Conspicuously, the agreement opens with the following instruction in bold text: "ALL customers should complete sections 1 & 3. Credit applicants should also complete section 2." But Pump and Spray did not complete section 2 of the agreement. So

according to the agreement, Pump and Spray is merely a customer and not a credit applicant. This is a distinction with a very real difference.

As provided in the agreement, Alchemy agrees to accept payment by credit card, and in exchange, customers agree to pay a 3% credit card fee. On certain conditions, including a restocking charge, Alchemy also agrees to accept returned merchandise. But all of the other material terms apply to credit applicants.

Credit applicants agree to pay late-payment charges when invoices are not paid when due. And credit applicants agree to pay fees and costs related to Alchemy's collection efforts. Finally, by signing the agreement, a credit applicant's owner personally guarantees the credit applicant's indebtedness to Alchemy. And since Pump and Spray is not an applicant, the terms concerning late-payment charges, the recovery of fees and costs, and the personal guarantee do not apply. Consequently, the most Alchemy may recover is the total amount of the outstanding invoices, without finance charges, from Pump and Spray only. In other words, Alchemy is not entitled to any late payment fees or attorney's fees and costs under the language of the agreement, and Wenzel is not subject to liability as a guarantor.

By failing to plead or otherwise defend this action, Pump and Spray admits to its payment obligations to Alchemy for past due invoices, admits to failing to pay these obligations, and admits it is liable for these obligations. These admissions sufficiently establish Pump and Spray's liability for the outstanding invoices. Attached to the affidavit of Stephen Barton, president and chief executive officer of Alchemy, are the invoices and a Customer Open Balance report, which reflect Pump and Spray owes $63,696.96 on the

outstanding invoices.[2] (Doc. 14-1 at 23). Pump and Spray has failed or refused to pay these outstanding invoices and is indebted to Alchemy for $63,969.96.

Alchemy also seeks $400.00 in costs for the filing fee and $250.00 in costs for service of process. (Doc. 14-2 at 11-13). Rule 54 provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Furthermore, filing fees are taxable costs. 28 U.S.C. § 1920(1). And the Eleventh Circuit has held § 1920 in conjunction with § 1921 authorizes courts to tax costs for private process servers' fees. *Transatlantic Lines, LLC v. Portus Stevedoring LLC*, No. 14-60528-CIV, 2016 WL 11547976, *3 (S.D. Fla. Jan. 13, 2016), report and recommendation adopted, No. 14-60528-CIV, 2016 WL 11547727 (S.D. Fla. Feb. 11, 2016). Therefore, the Court recommends taxing $650.00 as costs.

### IV. Conclusion

The Court finds Alchemy has satisfied the requirements for default judgment against Defendant Pump and Spray for past due invoices and an award of taxable costs. In all other respects, the Court recommends the motion for default judgment be denied.

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

(1) The Motion for Clerk's Entry of Default Judgment (Doc. 14) be **GRANTED in part** and a default judgment be entered on Count I (Breach of Contract) against The Pump and Spray Company Corporation for $63,969.96 and costs be taxed in the amount of $650.00.

---

[2] The $63,969.96 total does not include any of the finance charges listed in the Customer Open Balance report. (Doc. 14-1 at 23).

(2) The Motion for Clerk's Entry of Default Judgment (Doc. 14) be **DENIED** in all other respects.

(3) The Court require Alchemy to show cause why the Court should not dismiss Defendant Ryan Wenzel because, as stated above, the Court cannot recommend that a final default judgment be entered against him.

Respectfully recommended in Chambers in Fort Myers, Florida on April 10, 2020.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record