UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALCHEMY-SPETEC LLC,

      Plaintiff,

v.                                     Case No. 2:19-cv-670-FtM-66NPM

THE PUMP AND SPRAY COMPANY
CORPORATION and RYAN WENZEL,

      Defendants.

_____

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Clerk's Entry of Default Judgment Against Defendants The Pump and Spray Company Corporation and Ryan Wenzel (Doc. 42). No response was filed to the motion and the response time has lapsed. The Court finds an evidentiary hearing is not required in this case.[1] For the following reasons, the Court recommends the motion be granted.

---

[1] Rule 55(b) provides a court may hold a hearing, if necessary, to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate other matters. Fed. R. Civ. P. 55(b)((2)(A)-(D). Based on the permissive language in Rule 55(b), it does not mandate an evidentiary hearing in all circumstances and leaves the decision whether to hold an evidentiary hearing to the court's discretion. *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

## I.    Background

On September 11, 2019, Plaintiff Alchemy-Spetec, LLC initiated this lawsuit by filing a Complaint against The Pump and Spray Company Corporation for breach of contract and against Ryan Wenzel for breach of guarantee. (Doc. 1). Defendants were served on September 16, 2019 but failed to plead or otherwise defend this action. (Docs. 6, 7). As a result, Alchemy moved for and obtained a clerk's default against both Defendants. (*See* Docs. 12, 13, 15). Alchemy subsequently moved for the entry of a default judgment against both Defendants. (Doc. 14). However, a report to the District Judge recommended default judgment be granted in part and only with respect to Count I (Breach of Contract) against Pump and Spray for $63,969.96, along with costs taxed in the amount of $650. (Doc. 20). The report otherwise recommended the motion be denied in all other respects. (*Id.*).

Alchemy objected to the report and cited additional evidence not previously before the Court. (Doc. 21). In response, the Court vacated the report as well as the Clerk's initial entry of default, and further afforded Alchemy leave to amend its Complaint and once again move for default, if warranted. (Doc. 22).

Alchemy utilized the opportunity to file an Amended Complaint (Doc. 23). Defendants were served on July 18, 2020, but, once again, they failed to plead or otherwise defend this action. (Docs. 36, 37). As a result, Alchemy moved for and

obtained a clerk's default against both Defendants. (*See* Docs. 38, 40, 41). Alchemy now moves for the entry of a default judgment against both Defendants. (Doc. 42).

## II.    Allegations

Alchemy manufactures polymers and other materials for the construction industry. (Doc 23, p. 3, ¶ 9). In 2019, Alchemy provided such materials to Pump and Spray. (*Id.* p. 3, ¶ 10). Alchemy invoiced Pump and Spray, but Pump and Spray failed to pay the balance due. (*Id.*, p. 3, ¶ 11). Alchemy claims the total balance due, with finance charges as of September 11, 2019, was $75,235.31, and it also seeks to recover its fees and costs. (*Id.*, pp. 4-6 ¶¶ 12, 13, 20-24). Alchemy also asserts Ryan Wenzel executed a credit agreement with Alchemy, in which he personally guaranteed Pump and Spray's indebtedness. (*Id.*, p. 4 ¶ 14). As a result, Alchemy claims both Wenzel and Pump and Spray are liable for all sums due. (*Id.*, p. 4-5 ¶¶ 14, 19).

## III.    Analysis

"When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). Because of our 'strong policy of determining cases on their merits,' however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015). Entry of a default judgment is warranted only when there is a sufficient basis in the pleadings for judgment to be entered. *Id.* at 1245.

A sufficient basis is akin to facts sufficient to survive a motion to dismiss for failure to state a claim. *Id.* So, when evaluating the sufficiency of the alleged facts, the Court looks to whether the complaint contains sufficient factual matter that when accepted as true, states a claim for relief that is plausible on its face. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). A defaulted defendant is deemed to admit to any well-pleaded allegations of fact "other than one relating to the amount of damages." *See* Fed. R. Civ. P. 8(b)(6); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Substantive Florida law applies in this diversity action since Alchemy's claims arise out of state law. (Doc. 23, pp. 1-2, 4-6 ¶¶ 1-5, 16-24); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Accordingly, to plead a breach of contract claim, Alchemy must allege plausible facts to show: (1) a valid contract; (2) a material breach, and (3) damages. *Greaney v. Lake Austin Properties I, Ltd.*, No. 6:11-cv-1984-Orl-22KRS, 2012 WL 13103149, *2 (M.D. Fla. Aug. 6, 2012) (citing *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008)). And "the elements of an action for breach of a guarantee arise from a debtor's default and the guarantor's subsequent failure to pay." *Rossi v. Pocono Point, LLC*, No. 6:08-cv-750-Orl-28KRS, 2009 WL 435064, *4 (M.D. Fla. Feb. 20, 2009).

Here, Alchemy's claims are based on the terms and conditions of a written and signed credit agreement and the outstanding invoices attached to the Complaint. (Doc. 23-1). In moving for default judgment, Alchemy also relies on the Declarations of Stephen Barton, president and chief executive officer of Alchemy (Doc. 42-1), and Alchemy's attorney Steven Jacob Carroll (Doc. 42-2). The plain language in the credit agreement and invoices override any contrary allegations in the complaint. *See Ship Const. & Funding Servs. (USA), Inc. v. Star Cruises PLC*, 174 F. Supp. 2d 1320, 1326 (S.D. Fla. 2001) (quoting *Franz Tractor Co. v. J.I. Case Co.*, 566 So. 2d 524, 526 (Fla. Dist. Ct. App. 1990) ("[I]f an attached document negates a pleader's cause of action, the plain language of the document will control....")).

The credit agreement was signed by Pump and Spray's owner or officer, Ryan Wenzel. (Doc. 42-1, pp. 6-7; Doc. 23-1, p. 18). This instrument provides, in relevant part:

> If invoices are not paid when due, the applicant agrees to pay a late payment charge, if assessed, of one and one-half percent (1 1/2%) per month on the unpaid balance (Annual Percentage Rate of 18%) or the maximum rate allowed by law, whichever is less. The applicant(s) agrees to pay any and all costs and expenses, including reasonable attorney fees, incurred by [Alchemy], in collecting past due accounts. The applicant(s) hereby certifies and warrants that any credit extended as a result of this application will be used solely for business purposes and will not be used for personal, family or household purposes. In consideration of [Alchemy] extending credit, I/we jointly and severally do personally guarantee unconditionally, at all times, to [Alchemy], the payment of indebtedness or balance of indebtedness of the within named firm.

(Doc. 23-1, p. 18).[2] Thus, as a creditee, Pump and Spray agreed to pay late-payment charges when invoices are not paid when due,[3] and it agreed to pay fees and costs related to Alchemy's collection efforts. Finally, the signer, Wenzel, personally guaranteed payment of all indebtedness.

In the instant motion for default judgment, Alchemy seeks a total sum of $82,907.46 from Pump and Spray and Wenzel jointly and severally. (Doc. 42, pp. 2-3, 5). The $82,907.46 figure can be broken down into the underlying sum for past amounts due, including "finance charges," attorney's fees, and costs.

First, Alchemy claims that the underlying sum charged in the invoices and assessed finance charges totals $71,489.46 as of October 9, 2019. (Doc. 42, p. 5; Doc. 14-1 pp. 3-4 ¶¶ 7-9).[4] The Commercial Invoices and Finance Charges are dated from February 2019 until October 2019. (Doc. 14-1, pp. 9-21). The Court recommends granting default judgment for the underlying amounts owed with finance charges (Doc. 14-1, p. 23), totaling $71,489.46, against Pump and Spray and Ryan Wenzel, as guarantor, jointly and severally.

---

[2] Parts of the credit application are illegible or difficult to read. (Doc. 23-1, p. 18). However, the language appears identical to that of the account information sheet (Doc. 1-1, p. 18) presented previously to the Court, although not attached to the Amended Complaint or instant Motion.

[3] Alchemy's request is charitable by only seeking finance charges up through September 2019 because it appears to be entitled to such charges to date, as the balance is still outstanding. (Doc. 23 ¶ 13; 23-1, p. 15).

[4] Alchemy cites to paragraphs that do not exist in the attached declaration of Stephen Barton (Docs. 42, p. 5; 42-1). Alchemy appears to have meant to reference the earlier filed Barton declaration dated October 9, 2019 (Doc. 14-1).

Next, Alchemy seeks $10,532 in legal fees. (Doc. 42, p. 5; Doc. 42-2). Courts are afforded broad discretion in addressing attorneys' fees issues. *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) ("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations." (internal citation omitted)). A reasonable attorney's fee is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1317 (M.D. Fla. 2001) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

The first step in the loadstar is to determine a reasonable hourly rate. Alchemy cited to the Declaration of attorney Steven Jacob Carroll, who testified that the total amount of fees incurred through October 1, 2020 was $10,532. (Doc. 42, p. 5; Doc. 42-2, pp. 1-6). Plaintiff counsel request hourly rates of $220 for attorney Carroll, $220 for attorney Michael Kouskoutis,[5] and $350 for attorney Melissa Santalone.

Generally, "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Wales*, 192 F. Supp. 2d at 1318 (quoting *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999)). Here, the prevailing market is the Fort Myers Division of the Middle

---

[5] The entry for Kouskoutis on August 28, 2019 is at a $260 hourly rate even though later rates are valued at $220 per hour. (Doc. 42-2, p. 9). This appears to be a clerical error, so the entry will be reduced to the $220 hourly rate for a sum of $242 for this 1.1 hour entry.

District of Florida. *Isaac v. Classic Cleaners of Pelican Landing, Inc.*, No. 2:16-cv-171-FtM-29CM, 2017 WL 632510, *1 (M.D. Fla. Feb. 16, 2017) (citing *Olesen–Frayne v. Olesen*, 2:09-cv-49-FtM-29DNF, 2009 WL 3048451, *2 (M.D. Fla. Sept. 21, 2009)); *Rumreich v. Good Shepherd Day Sch. of Charlotte, Inc.*, No. 2:17-cv-292-FtM-38MRM, 2019 WL 2078730 (M.D. Fla. Apr. 23, 2019), *report and recommendation adopted as modified*, No. 2:17-cv-292-FtM-38MRM, 2019 WL 2076453 (M.D. Fla. May 10, 2019)). The requested rates are reasonable. *E.g.*, *Judy v. Edison Park Plaza Ctr., LLC*, No. 218-cv-693-FtM-29UAM, 2019 WL 2511590, *1 (M.D. Fla. June 18, 2019) (ADA case awarding fees at a rate of $300/hour for attorney practicing in Florida for seventeen years); *Doherty v. Good Shepherd Day Sch. of Charlotte Cty., Inc.*, No. 2:18-cv-638-FtM-UA-UAM, 2019 WL 2570140 (M.D. Fla. June 5, 2019), *report and recommendation adopted*, No. 2:18-cv-638-FtM-38UAM, 2019 WL 2568337 (M.D. Fla. June 21, 2019) (FLSA action awarding attorneys' fees at rate of $350/hour).

The second step in computing the lodestar is determining the reasonable number of hours expended. "Time spent is reasonable, and thus compensable, if it would be proper to charge the time to a client." *In re Home Depot Inc.*, 931 F.3d 1065, 1087 (11th Cir. 2019). Upon review of the time sheets, the number of hours are reasonable and compensable. Therefore, Alchemy is entitled to a total of $10,490 in attorneys' fees.

Alchemy also seeks $886 in costs. (Doc. 42-2, p. 6).[6] A prevailing party may recover costs as a matter of course unless a statute, rule or court order provides otherwise. *See* Fed. R. Civ. P. 54(d)(1). The Supreme Court held in *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877 (2019) that "federal courts are limited to awarding the costs specified in [28 U.S.C.] §§ 1821 and 1920." Section 1920 allows fees of the clerk and marshal. So Alchemy may recover the $400 filing fee.

And the Eleventh Circuit has held "that private process server fees may be taxed pursuant to §§ 1920(1) and 1921," provided the fees do not exceed the U.S. Marshal service's rate to effect service. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); *Butler v. Wright*, No. 8:06-cv-165-T17-TBM, 2010 WL 599387, *6 (M.D. Fla. Feb. 16, 2010). The current rate charged by the U.S. Marshal service for process served or executed personally is $65 per hour for each item served, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Only one service of process invoice fits within this statutory limit (Doc. 42-2, p. 18). The four other service of process invoices exceed the Marshal rate and do not indicate additional expenses or time was incurred. (Doc. 42-2, pp. 16-17, 19-20). Therefore, the four invoices must be reduced to $65 each. Altogether, Alchemy is entitled to receive $721 in taxable costs.

---

[6] The attached invoices and records indicate that Alchemy appears to have spent $946 on costs, but Alchemy requests a lesser amount. (Doc. 42-2, pp. 15-20).

Upon review of the time sheets and invoices, the Court recommends granting default judgment and awarding $10,490 in attorney's fees and $721 in costs pursuant to the federal rules, the loadstar method, and the parties' credit agreement. (Doc. 42-1, p. 7).

By failing to plead or otherwise defend this action, Pump and Spray and Wenzel admit their liability for the unpaid invoices, the accrued late charges, and the reasonable fees and costs incurred to prosecute this action. The Defendants have failed or refused to pay these outstanding invoices and the Court finds they are jointly and severally indebted to Alchemy for a total sum of $82,700.46.

## IV.   Conclusion

The Court finds Alchemy has satisfied the requirements for default judgment against the Defendants for past due invoices and an award of attorney's fees and taxable costs.

Accordingly, it is respectfully recommended:

The Motion for Clerk's Entry of Default Judgment (Doc. 42) be **GRANTED in part** and a default judgment be entered against The Pump and Spray Company Corporation and Ryan Wenzel, jointly and severally, for a total amount of $82,700.46.

Reported in Fort Myers, Florida on May 13, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.